U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 SEP 29 A 9:33

CLERK

DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ALEX ANDRES JAPON BENITES )
)
Petitioner, )
)
v. ) Case No. 2:25-cv-00885-cr
)
VERMONT SUB OFFICE DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS; TODD M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARCO RUBIO, in his official capacity as Secretary of State; GREG HALE, in his official capacity as Superintendent of Northwest State Correctional Facility; DAVID T. WESLING, in his official capacity as Acting Boston Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; TODD BLANCHE, in his official capacity as Attorney General )
)
Respondents. )

**ENTRY ORDER**
**GRANTING FEDERAL RESPONDENTS' MOTION TO HOLD CASE IN ABEYANCE**
(Doc. 33)

On November 14, 2025, Alex Andres Japon Benites ("Petitioner") filed a petition for writ of habeas corpus (the "Petition"), pursuant to 28 U.S.C. § 2241. On December 2, 2025, the court held a show cause hearing and granted the Petition, ordering that the

immigration court hold a bond hearing for Petitioner. *See* Doc. 18. The Petitioner was subsequently released on bond on December 5, 2025. *See* Doc. 22.

On June 30, 2026, the court entered judgment in favor of the Petitioner. (Doc. 30.) On July 30, 2026, Petitioner filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), requesting an award of $5,773.50. (Doc. 32.) On August 7, 2026, Federal Respondents moved to hold Petitioner's motion for EAJA fees in abeyance until sixty days after the Supreme Court decides *Montoya Palacios v. Liggins*, No. 25-1223, which is currently pending before it. (Doc. 33.) On August 21, 2026, Petitioner opposed the motion, (Doc. 34), and on August 27, 2026, Federal Respondents replied. (Doc. 35.)

## I. Conclusions of Law and Analysis.

"District courts [] ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal citations omitted). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Determining whether to grant a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. The movant "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In determining whether a stay is warranted, courts consider five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Mansfield Heliflight, Inc. v. Longo*, 2025 WL 3240787, at *14 (D. Vt. Nov. 20, 2025) (quoting *Delgado v. NJ Transit Rail Operations, Inc.*, 329 F.R.D. 506, 507 (S.D.N.Y. 2019)).

In this case, the competing interests weigh in favor of granting a stay pending the Supreme Court's decision in *Montoya Palacios*. Petitioner has an interest in the court expeditiously adjudicating his motion for EAJA fees, but any prejudice in delaying a

decision is minimal because he is released on bond. Federal Respondents also have an interest in refraining from unnecessary litigation and potentially paying EAJA fees that must later be returned by Petitioner should the Supreme Court determine habeas proceedings are not encompassed under the EAJA.

A stay also promotes efficient "economy of time and effort" for the court and parties. *Landis*, 299 U.S. at 254. Although Petitioner argues that this court can issue a decision on his motion for EAJA fees "that will not need to be revisited a year from now," (Doc. 34 at 3), the opposite could also be true. The Supreme Court may find immigration habeas petitioners are not entitled to EAJA fees, and require repayment of previously awarded fees, necessitating an unwinding of payments involving both parties and the court. The interests of third parties and the public favor a stay because it promotes confidence in the judiciary by allowing the court to adjudicate the issue only once following the Supreme Court's ruling on the issue.

"[A] court may [] properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action." *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (collecting cases). The question presented in *Montoya Palacios* is whether immigration habeas petitioners are entitled to EAJA fees,[1] and the Supreme Court's decision will thus control the outcome of Petitioner's motion. *Cabrera-Lopez v. Hyde*, No. 2:26-00017-cr (D. Vt. Aug. 18, 2026); *see also Salgado v. Francis*, 2026 WL 2123305, at *1 (S.D.N.Y. July 23, 2026) (granting a stay because "*Palacios* could be dispositive of the fee motion in this case[]") (quoting *Martinez v. Joyce*, 2026 WL 2059788, at *1 (S.D.N.Y. July 16, 2026)); *Hernandez-Gomez v. Semaia*,

[1] The Supreme Court granted certiorari to answer the following question:

> The [EAJA] provides that, "in any civil action (other than cases sounding in tort)" by or against the federal government, a court shall award to a prevailing party its fees and costs, unless the court finds certain exceptions present. 28 U.S.C. § 2412(d)(1)(A). The question presented is whether, under EAJA, "any civil action" encompasses an action seeking a writ of habeas corpus to challenge civil immigration detention.

Petition for Writ of Certiorari, *Montoya Palacios v. Liggins*, --- S. Ct. ----, 2026 WL 1855057 (No. 25-1223).

2026 WL 2600411, at *2 (C.D. Cal. Sept. 2, 2026) (granting a stay because "the Supreme Court's decision in *Montoya Palacios* . . . may have controlling effect on whether [p]etitioner may seek fees under EAJA at all[]"); *M.J.A.S. v. Warden, Stewart Det. Ctr.*, 2026 WL 2268284, at *2 (M.D. Ga. Aug. 6, 2026) (staying a motion for EAJA fees pending the Supreme Court's decision in *Montoya Palacios* because "the decision in *Montoya Palacios* will have 'controlling effect on the claims and issues' presented in [p]etitioner's EAJA fee motion[]") (citation omitted).

## CONCLUSION

For the foregoing reasons, the court GRANTS Federal Respondents' motion to hold the case in abeyance, (Doc. 33), and STAYS the case until sixty days after the Supreme Court decides *Montoya Palacios*.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 29th day of September, 2026.

Christina Reiss, Chief Judge
United States District Court